Argued and submitted September 22, 1998, reversed on appeal; affirmed on cross-appeal October 13, 1999

## In the Matter of the Application of Kay Prest for Way of Necessity,

## Alexander TYSKA,
*Appellant - Cross-Respondent,*

*v.*

## Kay PREST,
*Respondent - Cross-Appellant.*

## (CV95-0977; CA A96612)

988 P2d 392

Steven N. Thomas argued the cause and filed the briefs for appellant - cross-respondent.

John U. Grove argued the cause for respondent - cross-appellant. With him on the briefs was Monahan, Grove, Tucker & Wallace.

Before Landau, Presiding Judge, and Deits, Chief Judge, and Wollheim, Judge.

DEITS, C. J.

## DEITS, C. J.

Alexander Tyska seeks review of a trial court judgment granting a way of necessity to Kay Prest for ingress and egress over 71.5 feet of driveway owned by Tyska. Prest cross-appeals on the amount of attorney fees awarded. On *de novo* review, ORS 19.205 and ORS 19.425(3), we reverse on the appeal and affirm on the cross-appeal.

Prest's three-acre parcel (Prest property), for which she requested the way of necessity, was originally part of a four-acre parcel owned by the Hurds. When the Hurds sold Prest the three acres in 1970, they retained one acre, which is now owned by the Binghams (Bingham property). Of the original four-acre parcel, only the Bingham's portion has direct access to Winesap Road, which runs north/south along the western edge of the property. Tyska's property (Tyska property) lies south of the Prest property. The western edge of the Tyska property is 41.5 feet further west than the western edge of the Prest property. Tyska purchased his property in 1990.

The driveway that is the subject of this dispute runs east from Winesap Road along the southern edge of the Bingham property and continues along the property line between the Prest and Tyska properties. At the time that Prest purchased her property, she understood that she had access to Winesap Road by way of the driveway. She used the driveway as her primary route of ingress and egress to her property from 1970 until 1992, when Tyska told her that she could no longer use it. She stopped using it at that time.

The only portion of the driveway that is at issue here is the 41.5 feet after it reaches the Tyska property, but before it reaches the Prest property, and an additional 30 feet of the driveway that Prest used as the entrance area to her property. The portion of the driveway, between Winesap Road and the Tyska property, is on the Jones property, which lies south of the Bingham property. Both Tyska and Prest have obtained easements to use the driveway as it crosses the Jones property.

Since 1992, when she stopped using the driveway, Prest has reached her property by traveling across the McAllister property, which she has leased from her sister since 1968. The McAllister property lies north of the Prest property and has access to Ballou Road by way of a road through a cemetery. However, there is no road across the McAllister property to the Prest property, making travel between the two difficult at times, particularly in the winter.

In 1992, Prest filed an action to obtain a prescriptive easement on the part of the driveway in question here. The trial court ruled that, although Prest had used the driveway for the prescriptive period, it had been with the permission of the owners and, therefore, she had not established the required elements for a prescriptive easement. Prest then applied to the Umatilla County Board of Commissioners pursuant to ORS 376.150 to ORS 376.200, for the establishment of a statutory way of necessity. In September of 1995, an order was issued by that Board granting Prest's request for a statutory way of necessity. Tyska sought review of that order by the Umatilla County Circuit Court, pursuant to ORS 376.175(5). In the course of that review, the trial judge personally viewed the properties in question and took judicial notice of the denial of the prescriptive easement. On November 27, 1996, the trial court issued an opinion letter granting Prest the requested 71.5 foot statutory way of necessity. Judgment was entered on February 6, 1997. Tyska appeals that judgment.

Oregon law provides for the creation of a statutory way of necessity "to provide motor vehicle access from a public road to land that would otherwise have no motor vehicle access[.]" ORS 376.150(2)(a). ORS 376.180 enumerates the

conditions that must exist before a way of necessity can be established. That statute provides, in pertinent part:

"A way of necessity established under ORS 376.150 to 376.200 shall:

"* * * * *

"(8) Not be established if the property for which the way of necessity is sought has an existing enforceable access to a public road;

"(9) Not be established if the petitioner for the way of necessity could acquire an easement for access to a public road through other legal action[.]"

Tyska assigns error to the trial court's granting of a statutory way of necessity. He argues that the court should not have granted a statutory way of necessity because Prest did not carry the burden of proof imposed on her by ORS 376.180 in two respects. He contends that she did not show that she could not "acquire an easement for access to a public road through other legal action," ORS 376.180(9), and that she failed to prove that she does not have "an existing enforceable access to a public road." ORS 376.180(8).

**1, 2.** We first address Tyska's argument based on ORS 376.180(8). We have held that the "existing enforceable access" referred to in subsection (8) is to be narrowly construed "as referring to the common law right of access to a 'conventional road or highway' from land that *abuts* the highway." *Witten v. Murphy*, 71 Or App 511, 515-16, 692 P2d 715 (1984), *rev den* 298 Or 773 (1985) (emphasis in original). The Prest property does not abut a public road and therefore, Prest does not have existing enforceable access as the term is used in subsection (8). *See id.* at 516. Tyska argues that Prest's leasehold interest in the McAllister property, which also does not abut a public road but does have access to a public road, is essentially equivalent to an ownership interest for purposes of ORS 376.180(8) and, consequently, Prest has enforceable access based on that property interest. We disagree. Prest's leasehold interest is not the equivalent of an ownership interest in the property. Her leasehold interest is not permanent; it could be terminated at anytime, resulting in the loss of all access through the McAllister property. For

the above reasons, we conclude that ORS 376.180(8) does not preclude the granting of a way of necessity to Prest.

■     Tyska also relies on ORS 376.180(9) in contending that a way of necessity should not have been granted here. Subsection (9) requires Prest to show by a preponderance of the evidence the "absence of a legal right to acquire an 'easement for access to a public road through other legal action.' " Tyska argues that Prest failed to "carry her burden to show that she could not acquire an easement for access to a public road through other legal action[.]" He asserts that the trial court erred by placing the burden on him to prove that Prest could obtain another legally enforceable easement.

The trial court explained its decision as follows:

> "[T]his Court does not find with the evidence before it today that there is such an easement by implication. Therefore, this Court finds for today and for the parties before it, that today there is insufficient proof of an easement by implication. Not all the parties necessary to establish such an easement are before the Court, today there is insufficient proof of an easement by implication."

We agree with Tyska that the trial court erred in its allocation of the burden of proof on this issue. It is not Tyska's burden to show that an implied easement *does* exist. Rather, Prest has the burden of showing that one *does not* exist.[1] *Witten,* 71 Or App at 516. Absent such a showing by Prest, a way of necessity may not be granted.

■     Consequently, the question here is whether Prest met the burden of showing by a preponderance of the evidence that she could not obtain an easement for access through other legal action. Here, the specific question is whether Prest proved by a preponderance of the evidence that she cannot obtain an implied easement for access to Winesap Road over the Bingham property. We conclude that she did not meet this burden of proof.

---

[1] The trial court stated as part of its reasoning that "[n]ot all the parties necessary to establish [the implied] easement [were] before the Court[.]" However, the parties necessary to establish the implied easement were not necessary to this case. It was Prest's burden to present evidence that established that she *could not* obtain an implied easement. The absence of additional parties does not affect her ability to prove that.

■■  An implied easement is created when an interest in land is conveyed that does not contain an express creation of an easement but one is implied as an intended part of the transaction. *Hayward v. Ellsworth,* 140 Or App 492, 498, 915 P2d 483 (1996). The factors that are important in determining whether an implied easement exists are found in 5 *Restatement of Property* § 476:

> "(a)  whether the claimant is the conveyor or the conveyee,
>
> "(b)  the terms of the conveyance,
>
> "(c)  the consideration given for it,
>
> "(d)  whether the claim is made against a simultaneous conveyee,
>
> "(e)  the extent of necessity of the easement to the claimant,
>
> "(f)  whether reciprocal benefits result to the conveyor and the conveyee,
>
> "(g)  the manner in which the land was used prior to its conveyance, and
>
> "(h)  the extent to which the manner of prior use was or might have been known to the parties." *Thompson v. Schuh,* 286 Or 201, 212, 593 P2d 1138 (1979).

Here, we do not have information about many of these factors. We do know that the Prest property and the Bingham property had a common grantor and, therefore, an easement by implication across the Bingham property could be implied as part of the conveyance from the Hurds to Prest. We also know that, although Prest may not have been aware of it, her property became landlocked at the time that she purchased it from the Hurds and, if other factors support it, that may be the basis for creating an implied easement. *Witten,* 71 Or App at 511 (citing *Thomson,* 286 Or 201). Evidence was not presented with respect to the other factors involved in the creation of an implied easement. The burden was on Prest to show that such an easement did not exist before she could be granted a way of necessity across the Tyska part of the driveway. If anything, the evidence before us indicates that Prest might be able to obtain an implied

easement over the Bingham property. Consequently, ORS 376.180(9) precludes the granting of a way of necessity.

**7.** On cross-appeal, Prest assigns error to the amount of attorney fees awarded by the court, arguing that the court failed "to determine that the attorney fees awarded were reasonable[.]" While the trial court's initial comments regarding the assessment of fees do seem to indicate that the court believed that it was compelled to award the amount of fees claimed, it is apparent, from the trial court's memorandum of opinion regarding attorney fees, that the court did, in fact, consider the reasonableness of the fee award. The trial court stated:

> "At the hearing on the issue of reasonableness of attorney fees both [counsel] testified on behalf of their own positions. All the attorneys are known to this court in terms of their experience and legal expertise. All are very experienced and knowledgeable in the areas in which they practice law.

> "There is no dispute as to the hourly rate charged by [counsel for Tyska]. It is within the range charged by similarly skilled lawyers in the community."

We conclude that the trial court did not abuse its discretion in the amount of attorney fees awarded. Further, we note that our resolution of the appeal in this case does not affect the award of reasonable attorney fees made by the trial court. The statute governing fees in a way of necessity action provides that the order granting *or* denying a way of necessity shall also:

> "Direct the petitioner to pay costs and reasonable attorney fees incurred by each owner of land whose land was subject to the petitioner's action for a way of necessity[.]" ORS 376.175(2)(e).

Accordingly, we affirm on the cross-appeal.

Reversed on appeal; affirmed on cross-appeal.